UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:
WALDEMAR LUGO ALVAREZ

CASE NO. 10-02846-ESL

CHAPTER 13

DEBTOR (S)

# TRUSTEE'S UNFAVORABLE REPORT
# ON PROPOSED PLAN CONFIRMATION UNDER §1325

TO THE HONORABLE COURT: NOW COMES, José R. Carrión, Chapter 13 Trustee, and very respectfully alleges and prays:

This is the Trustee's position regarding the request, under **11 U.S.C. §1325**, for the confirmation of a Chapter 13 Plan.

Debtor(s)' Income: **Above Median / 60 months commitment period.**     Gen Unsecured Pool: **$0.00**

The **LIQUIDATION VALUE** of the estate has been determined in **$126,175.00 R2016 STM**. **$3,000.00**

**TOTAL ATTORNEYS FEES THRU PLAN: $2,324.00     Fees paid: $0.00     Fees Outstanding: $2,324.00**

With respect to the proposed (amended) Plan dated: **May 05, 2011** (Dkt 72). Plan Base: **275,000.00**

The proposed (amended) plan can not be confirmed because it has the following deficiencies:

- Feasibility [§1325(a)(6)]
   The Trustee objects the confirmation of the captioned case since Debtor has not established that he will be able to make all payments under the plan. Debtor must show by definite and credible evidence that he will be able to sale or refinance property located at Sierra del Rio.. Thus, the debtor carries the initial burden of showing that the plan is feasible. In re Felberman, 196 B.R. 678, 685 (Bankr.S.D.N.Y.1995); In re Endicott, 157 B.R. 255, 263 (W.D.Va.1993). In this case, Debtor has failed to produce evidence as to the marketing efforts, the state of the market for the subject asset, current sale prospect; and the existence and maintenance of any equity cushion in the property. In addition, the proceeds from the sale should be pay to the Trustee within 24 months from the filing of the voluntary petition.

- Feasibility [§1325(a)(6)]: Default in payments to Trustee.
   Debtor is four months, or $4,000.00 in arrears.

- Fails Disposable Income Test [11 U.S.C. §1325(b)]
   Debtors have failed to file the monthly operating reports since the filing of the voluntary petition, thus, the Trustee cannot evaluate Debtors' current financial condition and business operation pursuant to 11 U.S.C. §1302(c).

- Other/Comments
   On October 13, 2010, the Court entered an order lifting the automatic stay (Docket No. 48) in favor of Oriental Bank & Trustee, amend the Plan accordingly.

Due to the above described deficiencies in the proposed plan the Trustee Objects to the Confirmation of the same.

CERTIFICATE OF SERVICE: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(s), and to her/his/their attorney through CM-ECF notification system.

   In San Juan, Puerto Rico this August 30, 2011.

/s/ Mayra Arguelles -Staff Attorney

_____
JOSE R. CARRION
CHAPTER 13 TRUSTEE
PO Box 9023884, San Juan, PR 00902-3884
Tel. (787) 977-3535  Fax  (787) 977-3550

ma